after it became due, that operated in legal effect as an extension of the time of payment thereof. All concur.

NICHOLAS POWER CO. v. Herman H. GIDDEN et al. (Supreme Court, Appellate Division, First Department. April 28, 1916.) Motion denied. Order filed.

NICHOLAS POWER CO., Respt., v. Samuel STERN, impld., Applt. (Supreme Court, Appellate Division, First Department. April 28, 1916.) Order affirmed with $10 costs and disbursements. No opinion. Order filed.

Angus K. NICHOLSON v. Charles S. SPRAGUE. (Supreme Court, Appellate Division, First Department. April 14, 1916.) Application denied with $10 costs. Order signed.

Wallace T. NICKERSON, respondent, v. ELECTRO SILICON COMPANY, appellant. (Supreme Court, Appellate Division, Second Department. April 25, 1916.) Reargument ordered, and case set down for Tuesday, May 9, 1916. The reargument will be confined to three questions: (1) May a duty to furnish automatic doors be based upon general usage where a statute (section 79 of the Labor Law [Consol. Laws, c. 31]) requires them, when in the opinion of the commissioner of labor they are necessary, etc., and he by written notice requires them? (2) Is custom established by proof that they are customarily used, without showing that where installed they were installed without written notice from the commissioner of labor? (3) Is the defendant as an employer under any further duty than the duty the statute imposes upon the owner, agent or lessee? Jenks, P. J., and Thomas, Stapleton, Rich, and Putnam, JJ., concur.

In the matter of the claim of Margaret NOLAN for compensation for the death of William Nolan under the Workmen's Compensation Law, claimant respt., v. CRANFORD COMPANY, employer, and Employers' Mutual Insurance Company of New York, insurer, applts. (Supreme Court, Appellate Division, Third Department. May 3, 1916.) Motion granted.

In the matter of The NORTHERN BANK. Re GIFFORD, HOBBS & BEARD. (Supreme Court, Appellate Division, First Department. April 28, 1916.) Motion granted, unless appellant complies with terms stated in order. Order filed.

In the matter of proving the Last Will and Testament of Mary OATES, deceased, as a Will of real and personal property. (Supreme Court, Appellate Division, Second Department. April 7, 1916.) Motion denied, with $10 costs.

Ludwig OBERMEYER, appellant, v. William J. WILKENING, respondent. (Supreme Court, Appellate Division, Second Department. May 5, 1916.) Application denied, with $10 costs.

Matter of James F. O'BRIEN, as Sheriff, etc., Respt., v. Samuel H. ORDWAY et al., Applts.

(Supreme Court, Appellate Division, First Department. April 14, 1916.) Order affirmed, with $10 costs and disbursements. No opinion. (Clarke, P. J., and Laughlin, J., dissenting.) Order filed.

Bernard L. O'DONNELL, Applt., v. Joseph V. KEYROUSE et al., Respts. (Supreme Court, Appellate Division, First Department. April 28, 1916.) Judgment affirmed, with costs. No opinion. (Smith, J., dissenting.) Order filed.

Fred W. ODWELL and George B. Odwell, applts., v. Arthur B. MARTIN, respt. (Supreme Court, Appellate Division, Third Department. May 3, 1916.) Order unanimously affirmed with costs.

Mary M. O'LOUGHLIN, Respt., v. BEVERWYCK COMPANY, Applt. (Supreme Court, Appellate Division, First Department. April 20, 1916.) Judgment and order affirmed with costs. No opinion. Order filed.

Hugo OPPENHEIMER et al., Respts., v. SICILIAN ASPHALT PAVING CO., Applt. (Supreme Court, Appellate Division, First Department. April 28, 1916.) Judgment and order affirmed with costs. No opinion. Order filed.

John D. OSTRANDER, as adm'r, v. HOLBROOK, CABOT & ROLLINS CORPORATION. (Supreme Court, Appellate Division, First Department. April 28, 1916.) Motion to dismiss appeal granted, with $10 costs, unless appellant comply with terms stated in order. Order filed.

Alfred E. OVERTON, plaintiff, v. BROOKLYN TRUST COMPANY, etc., defendant. (Supreme Court, Appellate Division, Second Department. May 5, 1916.) Judgment is directed for the plaintiff, without costs, according to the terms of the submitted controversy. This court is of opinion that the trust in question terminated upon the death of Anna R. Overton, and that the plaintiff, Alfred E. Overton, thereupon became entitled to possession of the securities held by defendant for the purposes of the trust. Jenks, P. J., and Carr, Stapleton, Rich, and Putnam, JJ. concur. Settle order before Mr. Justice Carr.

Kathi PAFFEN, individually and as executrix, etc., of J. August Paffen, deceased, appellant, v. CITY OF NEW YORK and Coney Island & Brooklyn Railroad Company, respondents. (Supreme Court, Appellate Division, (Second Department. April 25, 1916.) Judgment and order reversed and new trial granted, costs to abide the event, upon the ground that the evidence presented a question for the jury as to how decedent fell into the drain, and also we think that the objection to the question to the physician at folios 246 and 247 should not have been sustained. Thomas, Carr, Stapleton, Mills, and Putnam, JJ., concur.

Walter E. PARFITT, respondent appellant, v. The CITY OF NEW YORK, appellant re-